**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| MICHAEL RAY COFFEY, a.k.a RANDALL CHARLES SANDERS (GDC ID: 1000090655),[1] | : : : : | |
| Plaintiff, | : : | |
| vs. | : : | CASE NO: 5:12-CV-384-CAR-MSH |
| STEPHANIE DANIELS, et. al. | : : | |
| Defendants. | : : | PROCEEDINGS UNDER 42 U.S.C. § 1983 BEFORE THE U.S. MAGISTRATE JUDGE |

## ORDER & RECOMMENDATION

Plaintiff Michael Ray Coffey, an inmate currently confined at the Georgia Diagnostic and Classification Prison ("GDCP"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the district court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). Having now completed this review of Plaintiff's Complaint (ECF No. 1), Supplement (ECF No. 30), and Amendment (ECF No. 34), the undersigned finds that it would be premature to dismiss Defendants Daniels, Moss, and Humphrey from this case prior to service. It is **RECOMMENDED**, however, that all other claims and Defendants be **DISMISSED** from

---

[1] The undersigned notes that Plaintiff filed an "objection" (ECF No. 31) to the use of his alias in the caption of this case. One of Plaintiff's allegations in his Complaint, however, is that he is unable to receive legal documents and mail showing only the name "Michael Ray Coffey." The caption was thus corrected to ensure that Plaintiff will receive copies of any filings in this case. Plaintiff's objection is noted, but the caption will continue to show his alias.

this action pursuant to 28 U.S.C. § 1915A(b)(1).

## STANDARD OF REVIEW

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, a district court is still required to dismiss a prisoner complaint after the initial review if the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of

2

action." *Id.* In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); *see also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in § 1915A "shall" be dismissed).

## ANALYSIS OF CLAIMS

In the present Complaint, Plaintiff Michael Ray Coffey alleges that he has been erroneously identified in prison records as "Randall Charles Sanders" (a former alias). His Supplement alleges that Defendant Stephanie Daniels, an "offender administrator," entered the false identity into the Georgia Department of Corrections database even though she "knew" Plaintiff's real identity. Plaintiff's recent Amendment similarly adds Defendant Moss, a deputy with the Cherokee County Sheriff's Department, as a party to this action and alleges that Deputy Moss recently forced and coerced Plaintiff to accept and

3

provide fingerprints for the fraudulent identity.[2]  Moss apparently did this even though Plaintiff told him that it was a false identity, and Moss had seen paperwork showing Plaintiff's correct name and birthdate.

Because of this alleged intentional mis-identification, Plaintiff has apparently been unable to obtain prescription medication or to enroll in education classes under his legal name.  Plaintiff also claims to have been denied access to meals, the grievance procedure, and prison employment because he refuses to use the identification card issued to him.  Plaintiff in fact alleges that he has lost over forty pounds because he is denied meals when he uses his real name and that his legal mail (including correspondence from other courts) has been "returned to sender" when addressed to "Michael Ray Coffey."

As the United States District Court in the Northern District of Georgia has already observed in this case, Plaintiff appears to assert Fourteenth Amendment claims on the theory that he has a liberty interest in having his correct identity reflected in the prison database.  *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (holding that liberty interest not deriving from the Constitution's due process clause itself may nevertheless arise from state law and may, in certain circumstances, violate a prisoner's right to due process); *Hernandez v. Johnston*, 833 F.2d 1316, 1318–19 (9th Cir.1987) (finding that state law provided a limited liberty interest in accurate prison records); *but see*, *Moreland v. Virga*, No. CIV S–10–2701-GGH, 2011 WL 476543 (E.D. Cal. Feb. 4, 2011) (applying *Sandin* to dismiss claim because there was no evidence that "the false information will inevitably

---

[2] Plaintiff is still incarcerated in Jackson, Georgia but was transported to Cherokee County for a court hearing in December of 2012.  This claim is thus different than the one dismissed in the Northern District.

4

lengthen the duration of the inmate's incarceration"). At this early stage in the litigation, the undersigned does not need (and will not attempt) to decide whether a prisoner has a liberty interest in having his correct identity reflected in prison records. Inasmuch, Plaintiff's allegations also suggest that Defendants' actions have hindered his ability to obtain prescription medication and receive legal mail. When viewed liberally and in the light most favorable to Plaintiff, these allegations may support a claim for relief under §1983. At the very least, if his allegations are true, Plaintiff may be entitled to some type of injunctive relief requiring that his identity be corrected in the Georgia Department of Corrections database and at the prison. For this reason, Defendant Carl Humphrey shall remain as a party in this case.

It is accordingly **ORDERED** that service be made on Defendants Daniels, Moss, and Humphrey and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

It is **RECOMMENDED**, however, that Plaintiff's similar claims against various "John Doe" Defendants in the Cherokee County Sheriff's Department and the Georgia Department of Corrections mailroom staff be **DISMISSED without prejudice**. As this Court explained in its prior Order (ECF No. 30), fictitious party pleading is not generally permitted in federal court. A plaintiff may sue an unknown defendant only when he sufficiently identifies the defendant to allow service of process. *Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir.

1992).  Plaintiff has not sufficiently identified "Deputy_____," "Deputy unknown African-American female," "Deputy unknown white male," and "_____" in the prison mailroom so as to allow for service.  In the event Plaintiff learns additional identifying information, he may file a motion for leave to add these individuals as named defendants.

To the extent Plaintiff also attempted to name Cathy Dendi as a party defendant, it is **RECOMMENDED** that she be **DISMISSED** from this action.   It is apparent, on the face of the Complaint, that Plaintiff named Ms. Dendi because of her position as mailroom supervisor.   Plaintiff in fact concedes that the identity of the actual employee hindering his ability to send and receive mail is unknown.  Even if Ms. Dendi was made aware of his complaints at some point, Plaintiff's allegations do not suggest that she either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed [her] subordinates to act unlawfully; or (3) failed to stop [her] subordinates from acting unlawfully when [she] knew they would."  *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1331 (11th Cir. 2007)).   Plaintiff has thus not alleged any of the prerequisites for imposing supervisory liability.

Also, to the extent Plaintiff's has named "Cherokee County Sheriff's Department" and/or the prison "mailroom staff" as defendants in this case, it is **RECOMMENDED** that these parties likewise be **DISMISSED**.  Neither a sheriff's department nor a "mailroom staff" is subject to being sued under § 1983.  *See Presnell v. Paulding Cnty., Ga.*, 454 F. App'x 763, 768 (11th Cir. 2011); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

Finally, it is **RECOMMENDED** that Plaintiff's pending motions for emergency

6

injunctive relief (ECF No. 7 & 26) be **DENIED**. Plaintiff's submissions fail to show that this type of extraordinary relief is warranted. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F.1535, 1537 (11th Cir. 1989) ("preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites.").

At this stage in the litigation, Plaintiff has not shown a "substantial likelihood of success on the merits," which is of course a greater showing than that needed to survive a frivolity review. Plaintiff's motion likewise fails to show that 'irreparable injury' will be suffered unless the injunction issues. *Id.* Indeed, it appears, from the allegations in the Complaint, that Plaintiff is only denied medical treatment and access to his legal mail when he refuses to use the identity currently recognized by the Georgia Department of Correction. Plaintiff has not shown that his problems could not be cured by his simply using the alleged false identification until such time that his name is corrected in the prison system. For these reasons and in light of the deference that the federal courts must afford state prison officials in their administration of their prisons, *see generally, Preiser v. Rodriquez*, 411 U.S. 475, 491 92 (1973), Plaintiff's motions should be denied.

Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. *See* 28 U.S.C. § 636(b)(1).

## ORDER FOR SERVICE

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence

8

filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be

required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously ordered, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from

the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED and RECOMMENDED, this 10th day of January, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE