IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL RAY COFFEY,<br>a.k.a RANDALL CHARLES SANDERS,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHANIE DANIELS, et. al.<br><br>Defendants.<br>_____ | CASE NO: 5:12-CV-384-CAR-MSH<br>42 U.S.C. § 1983 |

## **REPORT & RECOMMENDATION**

Presently pending before the Court are Plaintiff's motions for a preliminary injunction (ECF Nos. 40, 59, 60, 70). Specifically, Plaintiff seeks (1) to have his name in the Georgia Department of Corrections "databases" changed from Randall Charles Sanders to Michael Ray Coffey, (2) for the Court to stop the "abuse" of the GDC, and (3) for the GDC to provide Plaintiff with his mail despite being mailed to Michael Ray Coffey. These motions are not substantively different than Plaintiff's previous motions for a preliminary injunction (ECF Nos. 7, 26) which were denied by this Court on March 28, 2013 (Order 3, ECF No. 61). For the reasons previously explained to Plaintiff by this Court, it is again recommended that Plaintiff's motions be denied. Additionally, Defendants have submitted evidence which shows that Plaintiff's records in the GDC database under Randall Charles Sanders and Michael Ray Coffey have been merged. Once the GDC receives certified copies of Plaintiff's name change to Michael Ray Coffey, the GDC will change Plaintiff's name to reflect Michael Ray Coffey. Thus, to the extent

that he seeks to have the Court order this change to be made, that claim is moot.

## DISCUSSION

As previously explained to Plaintiff, a preliminary injunction is an extraordinary remedy. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F.1535, 1537 (11th Cir. 1989) ("preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."). Such remedy requires a showing, *inter alia*, of a "substantial likelihood of success on the merits" and that "irreparable injury will be suffered unless the injunction issues." *Robertson*, 147 F.3d at 1306. Plaintiff has failed to meet this burden as it appears from the allegations in the Complaint that Plaintiff is only denied access to his legal mail when he refuses to use the identity recognized by the Georgia Department of Correction. Plaintiff has not shown that his problems could not be cured by his simply using the alleged false identification until such time that his name is corrected in the prison system. For these reasons and in light of the deference that the federal courts must afford state prison officials in their administration of their prisons, *see generally, Preiser v. Rodriquez*, 411 U.S. 475, 491-92 (1973), Plaintiff's motions should be denied.

Furthermore, in response to Plaintiff's motions, Defendants presented evidence that shows that the GDC has merged the records of Michael Ray Coffey and Randall Charles Sanders into one record. (*See* Def.'s Resp. to Pl.'s Req. for Prelim. Inj. Exs. 1-2, ECF Nos. 63-1, 63-2.) The GDC received documents from Plaintiff showing that his legal name is Michael Ray Coffey, but those documents were not certified. The GDC had

stated that, pursuant to their standard operating procedures, once it receives certified copies of Plaintiff's name change, it will update its system to reflect "Michael Ray Coffey" as Plaintiff's official name. (*Id.* Ex. 2 ¶¶ 11-12.) Subsequent to the response by the Defendants, the GDC received the certified copies of the Plaintiff's name change and updated its database to reflect Plaintiff's name as Michael Ray Coffey. (Adeyeye Aff. ¶¶ 12-13, July 12, 2013, ECF No. 77-4.) Since the Court can no longer give Plaintiff the relief he seeks, Plaintiff's request for a preliminary injunction regarding his name change should be denied as moot. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.")

## CONCLUSION

For the reasons explained above, Plaintiff's motions for a preliminary injunction should be denied. WHEREFORE, IT IS HEREBY RECOMMENDED that Plaintiff's motions for a preliminary injunction (ECF Nos. 40, 59, 60, 70) be DENIED. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 26th day of August, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE