IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL RAY COFFEY, : | |
| a.k.a. RANDALL CHARLES : | |
| SANDERS, : | |
| : | |
| Plaintiff, : | |
| v. : | |
| : | No. 5:12-CV-384 (CAR) |
| STEPHANIE DANIELS. et al., : | |
| : | |
| Defendants. : | |
| : | |

### ORDER ON THE REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 79] to deny Plaintiff's Motions for a Preliminary Injunction [Docs. 40, 59, 60, 70]. In his Motions, Plaintiff seeks 1) to have his name changed in the records of the Georgia Department of Corrections (hereinafter the "GDC") from Randall Charles Sanders to Michael Ray Coffey, 2) for the Court to stop the "abuse" of the GDC, and 3) for the GDC to provide Plaintiff his mail despite being mailed to Michael Ray Coffey.[1] Plaintiff has filed a timely Objection to the Recommendation [Doc. 83].

In the Report and Recommendation, the Magistrate Judge concluded Plaintiff's Motions are moot, in part, due to the fact that Defendants have merged the GDC

---

[1] As noted by the Magistrate Judge, these motions are substantively the same as Plaintiff's previous motions [Docs. 7, 26] denied by this Court on March 28, 2013 [Doc. 61].

records of Randall Charles Sanders and Michael Ray Coffey, and the single record now reflects Plaintiff's legal name to be Michael Ray Coffey. Plaintiff asserts three objections to the Magistrate Judge's conclusion: 1) the Defendants have not "completely merged" the files because the GDC records no longer include his previous GDC number, 2) the Magistrate Judge failed to account for past constitutional violations by Defendants, and 3) the Magistrate Judge failed to account for future constitutional violations by Defendant Deputy David Moss of the Cherokee County Sheriff's Office. The Court finds each of these objections to be without merit.

First, Plaintiff contends, because the GDC records no longer reflect his previous GDC number, Plaintiff will suffer injury because he will not receive any mail addressed with the old GDC number. The Court finds Plaintiff has wholly failed to show "a substantial likelihood of success on the merits"[2] for such a claim. More importantly, Plaintiff fails to show how he will suffer any harm, much less the "irreparable" harm needed for the Court to issue the extraordinary remedy of injunctive relief.[3] Indeed, to the extent that any potential injury may occur from this change, Plaintiff may avoid such injury by using the new GDC number as provided. Moreover, the Court finds Defendants have provided the precise relief Plaintiff

---

[2] *Keeton v. Anderson-Wiley*, 664 F.3d 865, 868 (11th Cir. 2011).
[3] *Id*.

requested: The GDC records now reflect his legal name to be Michael Ray Coffey. Therefore, injunctive relief is not warranted on this ground.

Second, Plaintiff argues the Magistrate Judge failed to account for the fact that Defendants have already violated Plaintiff's constitutional rights by requiring him to use the "fraudulent identity" of Randall Charles Sanders.  Even assuming such violations occurred, a preliminary injunction is an inappropriate remedy to redress past illegal conduct, absent a continuing or future injury.[4]  Given that Defendants have updated the GDC records to reflect Plaintiff's legal name, the Court fails to see any ongoing and/or threat of future injury.

Finally, Plaintiff argues the Magistrate Judge failed to account for the future violations of Defendant Deputy David Moss of the Cherokee County Sheriff's Office. Specifically, Plaintiff argues the Cherokee County Sheriff's Office has not updated its files to reflect Plaintiff's legal identity, and, in the event Plaintiff is transported back to the Cherokee County Adult Detention Center, Plaintiff will be forced to use the "fraudulent identity" of Randall Charles Sanders.  In order to justify the extraordinary remedy of injunctive relief, "the asserted irreparable injury must be neither remote nor speculative, but actual and imminent."[5]  The likelihood that Plaintiff will be

---

[4] *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985).
[5] *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotation marks omitted); s*ee also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Our frequently reiterated standard requires

transferred back to the Cherokee County Adult Detention Center <u>and</u> processed under his former alias is too speculative and remote to justify the imposition of injunctive relief. As such, the Magistrate Judge properly recommended denial of Plaintiff's claim.

Upon *de novo* review of the Recommendation, the record, and Plaintiff's Objection, the Court agrees with the findings and conclusions of the United States Magistrate Judge. The Report and Recommendation [Doc. 79] is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**. Plaintiff's Motions for a Preliminary Injunction [Docs. 40, 59, 60, 70] are **DENIED**.

**SO ORDERED,** this 27th day of September, 2013.

<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

ADP/ssh

---

plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction.").