**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| MICHAEL RAY COFFEY, : | |
| a.k.a RANDALL CHARLES : | |
| SANDERS, : | |
|  : | |
| Plaintiff, : | |
| vs. : | CASE NO: 5:12-CV-384-CAR-MSH |
|  : | 42 U.S.C. § 1983 |
| STEPHANIE DANIELS, et. al. : | |
|  : | |
| Defendants. : | |

## REPORT & RECOMMENDATION

Presently pending before the Court are Defendant Moss' motion to dismiss (ECF No. 53), Plaintiff's motion to proceed IFP (ECF No. 74) and motion to strike, produce documents, and appoint counsel (ECF No. 75), and Defendants Daniels and Humphrey's motion for summary judgment (ECF No. 77). For the reasons explained below, it is recommended that Defendants' motions be granted and Plaintiff's motions be denied as moot.

## BACKGROUND

Plaintiff Michael Ray Coffey alleges that he has been erroneously identified in prison records as "Randall Charles Sanders" (a former alias). Plaintiff claims that because he has been falsely identified as Randall Charles Sanders, he has been denied meals, medical treatment, medication, and sending and receiving mail "under [his] accurate and legal identity." (Suppl. Compl. 4, 8, ECF No. 33.) Plaintiff, however, admits in his

initial letter[1] to the court that in August 2009 he pled guilty to crimes in Georgia under the name Randall Sanders. (Letter Compl. 3-5, ECF No. 1.) He claims he was coerced into doing this by his attorney and that he told his attorney that Michael Coffey is his proper name. (*Id.*)

Plaintiff further claims that in December 2009 he received from a North Carolina court an "Exemplification/Order of Name Change" changing his name from Randall Sanders back to Michael Coffey, but that Georgia is not recognizing this name change.[2] (*Id.* at 5.) In his initial Complaint filed on a § 1983 form, Plaintiff contends that when he was arrested in Georgia "someone from the Sherriff's office placed the false/alias name (Randall Charles Sanders . . .) on to [his] DNA and fingerprints." (Compl. 4, ECF No. 4.) Plaintiff also states in one of his amendments to his Complaint that an unnamed deputy from the Cherokee County Sheriff's Department had, in November 1997, attached a false identity to his fingerprints. (Mot. to Add Defs. 1, ECF No. 34.) Along with his Complaint, Plaintiff submitted various documents which show that Plaintiff has been referred to as both Michael Ray Coffey and Randall Charles Sanders in North Carolina and Georgia. (Compl. Exs. A, B, D.)

---

[1] Plaintiff initially sent a letter to the Northern District of Georgia which was received on July 9, 2012 (ECF No. 1). That Court construed this letter as a complaint, but sent Plaintiff a § 1983 complaint form, which Plaintiff filled out and subsequently filed on July 30, 2012 (ECF No. 4.)

[2] It was necessary for Plaintiff to move for a name change from Randall Charles Sanders to Michael Ray Coffey because Plaintiff had previously changed his name to Randall Charles Sanders in the State of Georgia. (*See* Moss Answer Ex. A at 4, 10, ECF No. 52-1.) In his request for a name change to Randall Charles Sanders, Plaintiff stated that he "has been going by the name of Randall Charles Sanders for several years and the majority of his important and pertinent papers are in the name of Randall Charles Sanders." (*Id.* at 4.) Plaintiff's request for a name change to Randall Sanders was granted on July 6, 1999. (*Id.* at 10.)

After a preliminary review, Plaintiff's claims remain pending against Defendant Moss for a violation of the Fourteenth Amendment and Eighth Amendment, Defendant Stephanie Daniels for a violation of the Fourteenth Amendment, and Carl Humphrey for a violation of the Fourteenth Amendment and Eighth Amendment. Specifically, Plaintiff claims that Defendant Moss, a deputy with the Cherokee County Sheriff's Department, forced and coerced Plaintiff to accept and provide fingerprints for the fraudulent identity. (Mot. to Add Defs. 3.) Defendant Stephanie Daniels, an "offender administrator" for the Georgia Department of Corrections, allegedly entered the false identity into the Georgia Department of Corrections database even though she knew Plaintiff's real identity. (Suppl. Compl. 3.) Finally, Plaintiff claims that Defendant Carl Humphrey, former warden for the Georgia Diagnostic and Classification Prison, violated Plaintiff's constitutional rights by failing to enforce two Georgia statutes—O.C.G.A. § 35-3-36(b) & (f)[3]—and by forcing Plaintiff to use a false identity.

---

[3]   O.C.G.A. § 35-3-36(b) states:

It shall be the duty of all chiefs of police, sheriffs, prosecuting attorneys, courts, judges, parole and probation officers, wardens, or other persons in charge of penal and correctional institutions in this state to furnish the center with any other data deemed necessary by the center to carry out its responsibilities under this article.

O.C.G.A. § 35-3-36(f) states:

All persons in charge of state penal and correctional institutions shall obtain fingerprints in accordance with the fingerprint system of identification established by the director of the Federal Bureau of Investigation or as otherwise directed by the center and full-face and profile photographs of all persons received on commitment to these institutions. The prints and photographs so taken shall be forwarded to the center together with any other identifying data requested within ten days after the arrival at the institution of the person committed. At the time of release of any person committed to a correctional institution, the institution shall

Defendant Moss has moved to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) claiming, *inter alia*, that he is entitled to qualified immunity in his individual capacity and Eleventh Amendment immunity in his official capacity. Defendants Daniels and Humphrey likewise move for summary judgment pursuant to Rule 56(c) asserting that they are entitled to qualified immunity and that any injunctive claims Plaintiff may still have pending are moot. These motions are ripe for review.

## DISCUSSION

### I. Constitutional Claims for Damages

Although asserted in separate motions, all three remaining Defendants assert that they are entitled to qualified immunity. (*See* Br. in Supp. of Def. Moss' Mot. to Dismiss 7-16, ECF No. 53-1; Defs. Daniels & Humphrey's Br. in Supp. of Mot. for Summ. J. 18-20, ECF No. 77-2.) The Court agrees. Furthermore, although it is entirely unclear from Plaintiff's complaint or supplement thereto whether Plaintiff is merely asserting claims against Defendants in their official or individual capacities, to the extent that Plaintiff may have been attempting to assert claims against the Defendants in their official capacities, those claims are barred by Eleventh Amendment Immunity.

#### A. Official Capacity

Defendant Moss contends that Plaintiff's claims against him in his official capacity

---

    again obtain fingerprints as provided for in this subsection and forward them to the center within ten days along with any other related information requested by the center. Immediately upon release, the institution shall notify the center of the release of the person.

4

should be dismissed [4] because he is immune from suit pursuant to the Eleventh Amendment. Defendant Daniels and Humphrey have not made this argument because the Plaintiff has failed to specifically state whether he is suing Defendants in their individual or official capacities. However, to the extent that Plaintiff may be attempting to sue Defendants in their official capacities, the Court agrees that they are each entitled to Eleventh Amendment immunity.

Defendant Moss is an employee of the Cherokee County Sheriff's department and Defendants Daniels and Humphrey are employees of the Georgia Department of Corrections ("GDOC"). Sheriff's deputies and GDOC employees are entitled to Eleventh Amendment immunity for claims in their official capacities. "Official capacity suits for damages against employees of a state agency are suits against the state agency." *Ferguson v. Ga. Dep't of Corr.*, 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006). "A suit against a governmental entity which is considered an 'arm of the state'—such as the GDOC—is a suit against the State." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). Likewise, "authority and duty [of the sheriff] to administer the jail in

---

[4] When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

his jurisdiction flows from the State, not the County." *Purcell ex rel Estate of Morgan, v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1325 (11th Cir. 2005) (internal quotation marks and citation omitted); *see also Manders v. Lee*, 338 F.3d 1304, 1308-12, 1315-18, 1328-29 (11th Cir. 2003). "[T]he Eleventh Amendment to the United States Constitution bars a § 1983 action against the State of Georgia and the GDOC unless the State either consents to suit or waives its sovereign immunity with regard to § 1983 claims—neither of which has happened here." *Ferguson*, 428 F. Supp. 2d at 1352. Therefore, Eleventh Amendment immunity bars suit here as a threshold matter.

Additionally, neither sheriff's deputies and jailers nor GDOC employees, as state officials acting in their official capacities, are considered "persons" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Ferguson*, 428 F. Supp. 2d at 1352-53. Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for dismissal of Plaintiff's claims. *Will*, 491 U.S. 71. Defendants are thus entitled to dismissal of Plaintiff's claims made against them in their official capacities.

B.   Individual Capacity Claims

Defendants also contend that they are entitled to qualified immunity. Defendant Moss asserts this through a motion to dismiss,[5] and Defendants Daniels and Humphrey bring this claim in a motion for summary judgment.[6] "Qualified immunity protects

---

[5] The Court is not considering any evidence outside the pleadings and attachments thereto concerning Defendant Moss' request for dismissal based on qualified immunity.

[6] Summary judgment may be granted only "if the movant shows that there is no genuine dispute as

government officials performing discretionary duties from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Anderson v. City of Naples*, 501 F. App'x 910, 915-16 (11th Cir. 2012) (internal quotation marks and citation omitted). "The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating federal law." *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009) (internal quotation marks and citation omitted).

"In order to receive qualified immunity, an official must first establish that he was acting within the scope of his discretionary authority when the alleged wrongful acts occurred." *Id.* Once the defendant shows that he was acting within his discretionary authority, the burden then shifts to the plaintiff to establish that qualified immunity does not apply. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2004). In this case, it is undisputed that Defendants were acting within the scope of their discretionary authority. Defendant Moss was acting within the scope of his authority as a sheriff's deputy by administering the jail when Plaintiff was processed into Cherokee County. *See* O.C.G.A. § 42-4-4 (discussing duties of sheriff). Defendant Daniels was acting within the scope of

---

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

her authority as an administrator when she used Plaintiff's alias, which was formerly Plaintiff's legal name. Likewise, Defendant Humphrey was acting within the scope of his authority when Plaintiff was incarcerated under the name Plaintiff was admittedly sentenced under. Because that determination is made, the burden then shifts to Plaintiff to show that the Defendants are not entitled to qualified immunity.

"To overcome an official's claim of qualified immunity, the plaintiff must show that: (1) the official violated a constitutional right; and (2) that right was clearly established at the time of the alleged violation." *Anderson*, 501 F. App'x at 916 (citation omitted).[7] The Court therefore must determine whether the Plaintiff has sufficiently alleged that the officials' conduct violated a clearly established constitutional right and whether that right is clearly established.

Plaintiff alleges that Defendant Moss violated his Fourteenth Amendment and Eighth Amendment rights by "forcing" Plaintiff to use the name Randall Charles Sanders at Cherokee County Jail. Specifically, Plaintiff claims that Defendant Moss deprived him of his liberty interest in using his "accurate and legal identity" and that forcing Plaintiff to use the alias Randall Charles Sanders constitutes cruel and unusual punishment. (Mot. to Add Defs. 3.) Similarly, Plaintiff claims that Defendant Daniels violated his Fourteenth Amendment rights when she "labeled" Plaintiff with the name Randall Charles Sanders thereby depriving Plaintiff of his liberty interest in using his "accurate and legal identity." (Suppl. Compl. 3.) Finally, Plaintiff contends that Defendant Humphrey violated Georgia

---

[7] Courts should use their discretion in determining which prong of the qualified immunity inquiry to address first. *McCullough*, 559 F.3d at 1205.

statutes by failing to use Michael Ray Coffey as Plaintiff's name at Georgia Diagnostic and Classification Prison which deprived Plaintiff of his liberty interest and constituted cruel and unusual punishment.

### 1. Fourteenth Amendment Claims

Plaintiff claims that he has a liberty interest in using his "legal name," Michael Ray Coffey, and that Defendants Moss, Daniels, and Humphrey have violated this interest by referring to Plaintiff in jail and prison records as Randall Charles Sanders. Plaintiff has not presented any argument in support of this position, but merely states in a conclusory fashion that he has a liberty interest under the Fourteenth Amendment to use his "legal name."

In order to determine if a constitutional violation has occurred, the court must look at the specific facts of Plaintiff's case. *See, e.g., Jones v. Cannon*, 174 F.3d 1271, 1283 (11th Cir. 1999) ("Qualified immunity focuses on the actual, specific details of concrete cases." (quotation marks and citation omitted). Here, Plaintiff was legally named Randall Charles Sanders when he pled guilty and was sentenced in Cherokee County, Georgia. Before being incarcerated in Georgia, Plaintiff changed his name back to Michael Ray Coffey in the State of North Carolina. In 2012, Plaintiff was transferred to Georgia to serve out his term of imprisonment. The GDOC and Cherokee County Sheriff's department referred to Plaintiff as Randall Charles Sanders and required Plaintiff to use the name Randall Charles Sanders during his incarceration.

The Court has found no case law which would indicate that Plaintiff has a liberty interest in using a name other than the name under which he was convicted, even if his

name was legally changed after conviction. To the contrary, the few courts that have addressed this issue have specifically found a lack of any constitutional right. *See, e.g., Ali v. Stickman*, 206 F. App'x 184, 185 (3rd 2006) (finding no constitutionally protected behavior when prisoner changed name for personal reasons, not religious reasons); *Kirwan v. Larned Mental Health*, 816 F. Supp. 672, 673-74 (D. Kan. 1993) (finding no constitutional right to be referred to a name other than name under which prisoner was convicted, even when name legally changed); *Wolfe v. Beard*, No. 10-2566, 2010 WL 5173199, at * 5 (E.D. Pa. Dec. 9, 2010) (dismissing constitutional claims based on failure of prison to use prisoner's legally changed name). The same is true here. Plaintiff has no constitutional right to the use of Michael Ray Coffey over Randall Charles Sanders when Plaintiff pled guilty under the name Randall Charles Sanders which was his legal name at the time.

Furthermore, to the extent that Plaintiff may be asserting that the State has created a liberty interest under the Due Process Clause through the enactment of O.C.G.A. § 35-3-36(b) and (f), that claim must also fail. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) ("States may under certain circumstances create liberty interests which are protected by the Due Process Clause . . . [b]ut these interests will be generally limited to freedom from restraint[.]"). Those statutes require prison officials to take fingerprints and photographs of incarcerated persons and provide those and any other necessary data or information on the inmate to the Georgia Crime Information Center. The statutes do not mention the accuracy of prisoner files or in any way require an official to check prisoner files for accuracy. In fact, it does not appear from the face of the statutes that they create

10

any rights for inmates, but instead merely require GDOC employees to provide certain information to the Georgia Crime Information Center. *See* O.C.G.A. § 35-3-6(b), (f). There is consequently no liberty interest created by these statutes and no constitutional violation has occurred in this case.

Even assuming that Plaintiff has sufficiently alleged that constitutional violations have occurred, which the Court explicitly declines to find, such constitutional violations are not clearly established. "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." *Reichle v. Howards*, -- U.S. --, 132 S. Ct. 2088, 2093 (2012) (internal quotation marks and citation omitted) (alteration in original). "In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (internal quotation marks and citation omitted). The Eleventh Circuit has explained that

> [a] right may be clearly established for qualified immunity purposes in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law.

*Maddox v. Stephens*, -- F.3d --, 2013 WL 4437161, at *8 (11th Cir. 2013). Furthermore, "[t]he inquiry whether a federal right is clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition." *Loftus v. Clark-Moore*, 690 F.3d 1200, 1204 (11th Cir. 2012) (internal quotation marks and citation omitted). "The relevant, dispositive inquiry in determining whether a right is *clearly* established is whether it would be *clear* to a reasonable [state official] that his conduct was

unlawful in the situation he confronted." *Id.* (quotation marks and citation omitted) (emphasis and alteration in original). The court should look "only to binding precedent—cases from the United States Supreme Court, the Eleventh Circuit, and the highest court of the state under which the claim arose—to determine whether the right in question was clearly established at the time of the violation." *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011) (citation omitted).

As explained above, there is no case law to support that a constitutional violation in this case is clearly established. Furthermore, from the facts as alleged by Plaintiff, it is not clear that a reasonable state official would think that using the name Randall Charles Sanders would be unlawful. Plaintiff admits that he pled guilty to a crime in the State of Georgia under the name Randall Charles Sanders and that he legally changed his name back to Michael Ray Coffey after that conviction. A reasonable state official would more likely use the name Randall Charles Sanders in that situation. Thus, even assuming that constitutional violations did occur in this case, such violations were not clearly established and Defendants are entitled to qualified immunity.

### 2. *Eighth Amendment Claims*

Plaintiff also argues that Defendants Moss and Humphrey violated his right to be free from cruel and unusual punishment when they required that he use the name Randall Charles Sanders. Specifically, he claims that the use of Randall Charles Sanders caused him to be deprived of meals, medical treatment, medicine, and mail. The Court construes this as a claim for generally unconstitutional conditions of confinement in violation of the Eighth Amendment.

There is a two-part analysis for unconstitutional conditions of confinement claims. "First, under the objective component, a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks and citation omitted). "The challenged condition must be 'extreme' . . . [and a plaintiff] must at the very least show that a condition of his confinement poses an unreasonable risk of serious damage to his future health or safety." *Id.* (internal quotation marks and citations omitted). "Second, the prisoner must show that the defendant prison officials acted with a sufficiently culpable state of mind with regard to the condition at issue"—i.e., with deliberate indifference. *Id.* (internal quotation marks and citations omitted). Prison conditions will generally not rise to the level of an Eighth Amendment violation unless they "involve the wanton and unnecessary infliction of pain." *Chandler*, 379 F.3d at 1289 (internal quotation marks and citation omitted).

No such violation can be shown here. The condition of requiring Plaintiff in this case to use one particular name over another does not rise to the level of "wanton and unnecessary infliction of pain" and does not violate the Eighth Amendment. Moreover, any injuries suffered by the requirement that Plaintiff use Randall Charles Sanders—i.e., rejection of grievances, non-receipt of mail, denial of meals—was self-inflicted by Plaintiff's refusal to use Michael Ray Coffey alternatively with Randall Charles Sanders.[8]

---

[8] A dual-name requirement has been found to be constitutional even in light of an inmate's First Amendment interest in using a legally changed religious name. *See Fawaad v. Jones*, 81 F.3d 1084, 1086-87 (11th Cir. 1996). Plaintiff here has not asserted First Amendment interest in using the name Michael Ray Coffey.

13

*See Parker v. Walker*, No. 08-cv-152, 2008 WL 4837683, at *4 (S.D. Ill. Nov. 6, 2008) (no Eighth Amendment violation when non-physical injuries suffered were self-inflicted). Since no Eighth Amendment violation has occurred, Defendants Moss and Humphrey are entitled to qualified immunity on this claim.

## II. Claims for Injunctive Relief

Defendants Daniels and Humphrey also move for summary judgment on Plaintiff's claim for injunctive relief—i.e., that his name in the GDOC be changed to Michael Ray Coffey. Plaintiff has previously sought this same relief in several motions for a preliminary injunction which were denied. (Order, Mar. 28, 2013, ECF No. 61; Order, Sept. 27, 2013, ECF No. 88.) Specifically, the Court found in its September 27 Order that "Defendants have provided the precise relief Plaintiff requested: The [GDOC] records now reflect his legal name to be Michael Ray Coffey." (Order 2-3, Sept. 27, 2013; *see also* Report & Recommendation 2-3, Aug. 26, 2013, ECF No. 79 (discussing mootness).) The Court denied injunctive relief on the ground that his claim was consequently moot. *See, e.g., Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.") To the extent that a claim for injunctive relief is still pending, such claim should likewise be denied as moot. Defendants' motion for summary judgment on Plaintiff's injunctive claims should therefore be granted.

## III. Miscellaneous Motions

Plaintiff also has currently pending a motion to proceed IFP (ECF No. 74), motion

to strike, motion to produce documents, and motion to appoint counsel (ECF No. 75). Because it is recommended that Defendants' motions be granted, it is further recommended that Plaintiff's miscellaneous motions be denied as moot.

## CONCLUSION

For the reasons explained above, Defendant Moss' motion to dismiss (ECF No. 53) and Defendants Daniels and Humphrey's motion for summary judgment (ECF No. 77) should be granted. Plaintiff's miscellaneous motions should be denied as moot (ECF Nos. 74, 75). Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO RECOMMENDED, this 10th day of October, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE