IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MICHAEL RAY COFFEY, | : | |
| a.k.a. RANDALL CHARLES | : | |
| SANDERS, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | No. 5:12-CV-384 (CAR) |
| STEPHANIE DANIELS, | : | |
| DEPUTY DAVID MOSS, and | : | |
| WARDEN CARL HUMPHREY, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON THE REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Report and Recommendation of the United States Magistrate Judge [Doc. 91] to grant Defendant Deputy David Moss's Motion to Dismiss [Doc. 53] and Defendants Stephanie Daniels and Warden Carl Humphrey's Motion for Summary Judgment [Doc. 77]. The Magistrate Judge further recommends that this Court deny Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 74] and Plaintiff's Motion to Strike, Produce Documents, and Appoint Counsel [Doc. 75] as moot. Plaintiff filed an Objection [Doc. 92] to the Recommendation. Upon *de novo* review of the portions of the Recommendation to which Plaintiff objects, the Court agrees with the findings and conclusions of the United States Magistrate Judge.

In his Objection, Plaintiff argues the Magistrate Judge erred by (1) concluding that his Section 1983 claims are barred by Eleventh Amendment immunity and qualified immunity, (2) failing to account for the violation of his First Amendment rights, and (3) finding that his claims for injunctive relief are now moot.  The Court discusses each of these arguments in turn.

First, Plaintiff argues the Magistrate Judge erred in holding Eleventh Amendment immunity and qualified immunity bar his Section 1983 claims.  In support of this argument, Plaintiff offers nothing more than a conclusory statement that the Defendants are not entitled to immunity because they have violated various federal and state laws.  As the Magistrate Judge explained at length, the Eleventh Amendment bars Section 1983 suits for damages against a state employee in his or her official capacity unless the state consents to suit or has waived immunity.[1]  Existing authority demonstrates that the State of Georgia has not waived its immunity with respect to these claims.[2]  Plaintiff fails to point to any law rebutting the authority cited.  Moreover, Plaintiff has failed to show a violation of any constitutional right in this case, let alone one that is "clearly established," which would preclude the protection of qualified

---

[1] *See also Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990) ("Congress has not abrogated eleventh amendment immunity in section 1983 cases.").

[2] *See, e.g.*, *Ferguson v. Georgia Dep't of Corr.*, 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006); *Calloway v. Georgia Dep't of Corr.*, CV511-009, 2011 WL 1362671, at *1 (S.D. Ga. Mar. 7, 2011).

immunity.[3]  Therefore, the Court agrees with the Magistrate Judge that Eleventh Amendment immunity and qualified immunity bar Plaintiff's Section 1983 claims.

Second, Plaintiff incorrectly argues the Magistrate Judge failed to account for the violation of his First Amendment rights arising from Defendants' refusal to process Plaintiff's mail addressed to and from Michael Ray Coffey.  Despite Plaintiff's assertion to the contrary, the Magistrate Judge fully explained that Plaintiff does not have a First Amendment right to use the name Michael Ray Coffey exclusive of his committed name, Randall Charles Sanders, in his mail correspondence with others.[4]

Third, Plaintiff disagrees with the Magistrate Judge's conclusion that his requests for injunctive relief have been rendered moot by the updating of his Georgia Department of Corrections ("GDOC") file to reflect his legal name as Michael Ray Coffey with a listed alias of Randall Charles Sanders.  Plaintiff asserts that Defendants still force Plaintiff to use an invalid name and other identifying information.  There is simply no support for these contentions in the record.[5]  The undisputed evidence shows the GDOC promptly updated Plaintiff's file to reflect his name upon receiving certified

---

[3] *See Barts v. Joyner*, 865 F.2d 1187, 1190 (11th Cir. 1989) ("Plaintiff cannot discharge h[is] burden simply by making general, conclusory allegations of some constitutional violation or by stating broad legal truisms. Rather, as the courts have plainly stated, plaintiffs must prove the existence of a clear, factually-defined, well-recognized right of which a reasonable police officer should have known.").

[4] *See* R & R, p. 13 n.8 [Doc. 91] (citing *Fawaad v. Jones*, 81 F.3d 1084, 1086-87 (11th Cir. 1996)).

[5] Out of an abundance of caution, the Court notes that Defendants Daniels and Humphrey's Motion for Summary Judgment is the only motion before the Court which addresses the merits of Plaintiff's claims for injunctive relief.  Therefore, the Court considered matters outside the pleadings for this Motion only. The Court determined the merits of Defendants' immunity arguments discussed *supra* without looking beyond the pleadings themselves, as required for Defendant Moss's Motion to Dismiss.

documents changing his legal name to Michael Ray Coffey.  To the extent Plaintiff argues the continued use of his committed name as an alias violates his constitutional rights, his argument is without merit.[6]  Therefore, there is no basis for injunctive relief remaining in this case.

Based on the foregoing, the Report and Recommendation [Doc. 91] is **ADOPTED** and **MADE THE ORDER OF THE COURT**.  Defendant Moss's Motion to Dismiss [Doc. 53] and Defendants Daniels and Humphrey's Motion for Summary Judgment [Doc. 77] are hereby **GRANTED**.  Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 74] and Plaintiff's Motion to Strike, Produce Documents, and Appoint Counsel [Doc. 75] are **DENIED** as moot.  Because this Order disposes of the entire case, Plaintiff's Motion to Lift the Stay and for Leave to File for Discovery [Doc. 98] is **DENIED** as moot.

**SO ORDERED,** this 21st day of March, 2014.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

ADP/bbp

---

[6] *Fawaad v. Jones*, 81 F.3d at 1087 (quoting *Felix v. Rolan*, 833 F.2d 517, 519 (5th Cir. 1987)) ("[The use of their 'committed name,' as an alias, for the purpose of identification of the prisoner, does not of itself violate the prisoner's constitutional rights.").