IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MICHAEL RAY COFFEY,                 :
a.k.a. RANDALL CHARLES              :
SANDERS,                            :
                                    :
        Plaintiff,                  :
                                    :
v.                                  :
                                    :        No. 5:12-CV-384 (CAR)
STEPHANIE DANIELS, et al.,          :
                                    :
        Defendants.                 :
_____     :

## ORDER

Before the Court is Plaintiff Michael Ray Coffey's "Objection to United States
Magistrate Judge's Order Denying Plaintiff's Motion for Disallowance of Costs" [Doc.
124]. Having conducted a *de novo* review of the matters raised therein, the Court finds the
Objection to be without merit.

Following the entry of judgment in his favor, Defendant Deputy David Moss filed a
bill of costs requesting $19.40 related to copying costs. Thereafter, the Clerk of Court taxed
costs for the requested amount against Plaintiff. In response to the Clerk's order, Plaintiff
filed a timely "Motion for Disallowance of Costs," which the Magistrate Judge denied.
Plaintiff now seeks this Court's review.

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these
rules, or a court order provides otherwise, costs—other than attorney's fees—should be

allowed to the prevailing party."[1]  This rule "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise."[2]  The Eleventh Circuit has cautioned, however, that "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered, since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation."[3]  To overcome the presumption in favor of awarding full costs, "a district court must have and state a sound basis for doing so."[4]

In his Objection, Plaintiff provides two arguments in support of his request to deny an award of costs.[5]  First, as evidenced by the Court allowing him to proceed *in forma pauperis* ("IFP") in this case, Plaintiff contends he cannot afford to pay costs and, therefore, taxing costs against him would be unjust.  Simply put, "a court may assess costs against a litigant who is proceeding [IFP]."[6]  If the judgment against a prisoner proceeding IFP includes the payment of costs, Section 1915(f) provides that the prisoner shall make the payments under the same partial payment plan as that prescribed for filing fees until the

---

[1] Fed. R. Civ. P. 54(d)(1).

[2] *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000).

[3] *Id.* at 1039 (internal citation and quotation marks omitted).

[4] *Id.*

[5] In the remainder of his Objection, Plaintiff simply reargues the merits of his case to further support the denial of costs.  The Court has previously addressed the merits of these claims in its prior rulings and will not do so again here.

[6] *Ang v. Coastal Int'l Sec., Inc.*, 417 F. App'x 836, 838 (11th Cir. 2011); 28 U.S.C. § 1915(f)(1)("Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings"); *see also Chapman*, 229 F.3d at 1039 ("[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d).").

costs are paid in full.[7]  Accordingly, the fact that the Court permitted Plaintiff to proceed IFP does not preclude the taxation of costs.

Moreover, even if the Court were inclined to consider Plaintiff's indigence, his financial status could not justify a denial of <u>all</u> costs.  In this Circuit, "[e]ven in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all."[8]  Thus, the Court cannot grant Plaintiff's request to deny all costs.

Second, Plaintiff argues than an award of costs at this juncture is premature because his appeal is still pending before the Eleventh Circuit.  The Court does have discretion to postpone an award of costs pending resolution of the case on appeal.[9]  Since filing his Objection, however, the Eleventh Circuit has dismissed Plaintiff's appeal as frivolous.[10]  In light of this recent event as well as this Court's initial denial of Plaintiff's motions to proceed IFP on appeal, the Court sees no reason to defer taxation of costs in this case.

Based on the foregoing, Plaintiff's Objection [Doc. 124] is **OVERRULED**.

**SO ORDERED,** this 10th day of December, 2014.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

ADP

---

[7] 28 U.S.C. § 1915(f)(2).
[8] *Chapman*, 229 F.3d at 1039.
[9] *Estate of Pidcock By & Through Pidcock v. Sunnyland Am., Inc.*, 726 F. Supp. 1322, 1341 (S.D. Ga. 1989).
[10] [Doc. 125].

3